Filed 10/19/22  P. v. Chavez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BARBARA LYNN CHAVEZ,<br><br>    Defendant and Appellant. | F083845<br><br>(Super. Ct. No. SC076313A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Erin Doering, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Detjen, J. and Peña, J.

## INTRODUCTION

Petitioner Barbara Lynn Chavez petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on her conviction for first degree murder. The superior court denied the petition at the prima facie stage on the ground petitioner was convicted of first degree murder and the jury found true a special circumstance allegation pursuant to section 190.2, subdivision (a)(17)(A). (See § 1172.6, subd. (c).)

On appeal, petitioner argues the denial of her petition at the prima facie stage was erroneous because the special circumstance finding does not bar relief. We agree. We therefore reverse the superior court's order denying the petition and remand with directions to issue an order to show cause.

## PROCEDURAL HISTORY[2]

In 1999, an information was filed charging petitioner, along with codefendant Regina Eason, with first degree murder (§ 187, subd. (a); count 1), burglary (§ 460, subd. (b); count 2), attempted robbery (§§ 212.5, subd. (c), 664; count 3), and conspiracy to commit robbery (§§ 182, subd. (a)(1), 212.5, subd. (c); count 4). As to count 1, the information alleged robbery and burglary special circumstances (§ 190.2, subd. (a)(17)(A), (G)). As to counts 1 through 3, the information also alleged a firearm enhancement (§ 12022, subd. (a)(1)). A jury found petitioner guilty on all counts and found all allegations true.[3] On count 1, petitioner was sentenced to a term of life without

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

[2] We dispense with a statement of facts, as the facts underlying the offenses are not pertinent to the issues raised on appeal.

[3] The jury found one of four overt acts alleged in support of the conspiracy to be not true. The remaining overt acts were found true.

the possibility of parole, plus one year for the firearm enhancement.  Sentence on the remaining counts was imposed and stayed.

Petitioner filed a section 1172.6 petition for resentencing on her murder conviction on February 14, 2019.[4]  Counsel was appointed to represent petitioner.  The petition was fully briefed, with the prosecution arguing petitioner was ineligible for resentencing as a major participant who acted with reckless indifference to human life.

On December 30, 2021, the court denied the petition without a hearing on the following grounds:  "[Petitioner] was convicted of first degree murder.  In addition, the jury found true the special circumstance that the murder was committed during the commission of a robbery."

This timely appeal followed.

## DISCUSSION

### I.     Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842.)  Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of felony murder to

---

[4] In the petition, petitioner indicated Governor Edmund Gerald Brown, Jr., had commuted her sentence on March 30, 2018, to a term of 25 years to life, and she had been found suitable for parole on October 4, 2018.  In responsive briefing, the People confirmed that Governor Brown granted petitioner's request for clemency and commuted her sentence, and that she had been granted parole and was now out of custody.

seek vacatur of the conviction and resentencing. (§ 1172.6, subd. (a); accord, *Gentile*, at p. 853.)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)-(c).) If the sentencing court determines the petitioner has made such a showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.     Analysis

Petitioner argues she made a prima facie claim for resentencing and the court erred in relying on the special circumstance to deny her petition at the prima facie stage. The People initially argued the petition was properly denied because the jury's true finding on the robbery-murder special circumstance established petitioner was a major participant in the robbery and acted with reckless indifference to human life, disqualifying factors pursuant to section 1172.6, subdivision (a)(3) and section 189, subdivision (e).

However, while this appeal was pending, our Supreme Court issued its opinion in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Therein, the high court held that a special circumstance finding entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *People v. Clark* (2016) 63 Cal.4th 522 and *People v. Banks*

4.

(2015) 61 Cal.4th 788 did not preclude a section 1172.6 petitioner from making a prima facie showing of eligibility for relief.[5] (*Strong*, at p. 703.)

In light of *Strong*, we advised the parties of our intention to reverse and remand this matter with directions to issue an order to show cause. We afforded the parties an opportunity to file objections to this proposed disposition. The parties responded that they had no objections to the proposed disposition.

*Strong* is dispositive of this case. The special circumstance findings were made before *Banks* and *Clark* and therefore are not preclusive on prima facie review of the petition under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 703.) The petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6. Because the People have presented no other basis to deny the petition at the prima facie stage, the order denying the petition must be reversed and the matter remanded with directions to issue an order to show cause and, to the extent necessary, to conduct an evidentiary hearing under subdivision (d) of section 1172.6. We express no opinion on the ultimate resolution of the petition.

## DISPOSITION

The December 30, 2021 order denying the petition is reversed and the matter remanded with directions to issue an order to show cause and, to the extent necessary, to hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).

---

[5] *Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and . . . to act with reckless indifference to human life." (*Strong*, *supra*, 13 Cal.5th at pp. 706-707.)

5.